IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Leonel Rivera, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:23-cv-01609-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Janson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Leonel Rivera ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation, recommending the petition be dismissed without prejudice and without requiring Respondent Warden Janson to file a return. (ECF No. 8). Petitioner filed objections, (ECF No. 13), and the undersigned recommitted the case to the magistrate judge to further analyze this case, including the issue of whether Petitioner must exhaust his administrative remedies (ECF No. 16).

Thereafter, the magistrate judge issued an order, directing Respondent to file an answer or other response to the petition. (ECF No. 20). Accordingly, Respondent filed a motion to dismiss, or, in the alternative, motion for summary judgment. (ECF No. 24). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the consequences for failing to respond. (ECF No. 25). The order was mailed to Petitioner at his last known address, (ECF No. 26), and has not been returned to the court

as undelivered. Accordingly, Petitioner is presumed to have received the order. Nevertheless, Petitioner failed to file a response to Respondent's motion.

Now before the court is the magistrate judge's second Report and Recommendation ("Report"), recommending that the petition be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 28). The magistrate judge notified Petitioner of his right to file objections, (ECF No. 28-1), and the Report was mailed to Petitioner at his last known address (ECF No. 29). The Report was not returned to the court as undelivered. Therefore, Petitioner is presumed to have received it. However, Petitioner has failed to file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and finding no clear error, the court **ADOPTS** the Report (ECF No. 28), and incorporates it herein.  Thus, the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice**.  Because the petition as a whole is dismissed, Respondent's motion at ECF No. 24 is hereby **DISMISSED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                                            s/Timothy M. Cain  
                                                                            United States District Judge

Anderson, South Carolina  
April 17, 2024